## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DOUGLAS W. BREWER,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 11-CV-295-PJC** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### OPINION AND ORDER

Before the Court is the Motion to Remand filed by Plaintiff Douglas W. Brewer

("Brewer") (Dkt. #15).   Brewer seeks remand of this case under Sentence Four of 42 U.S.C.

§405(g) based on the incompleteness of the administrative transcript.   The Commissioner

objects.

Brewer points to the following omission in the administrative transcript.   In the

Consultative Examining Physician's, Dr. Jeri Fritz's, Evaluation dated August 29, 2007, the first

page of the evaluation ends with a paragraph entitled **<u>Patient Capabilities</u>** which states:

> Mr. Brewer stated that he is able to perform his own activities of daily living but
> that he is "not good at hygiene" but he did not know why.   His wife does the
> cooking and household chores.   He used to manage the money but his wife has
> assumed this task as well.    Mr. Brewer reported that he used to do many things
> around the house.   He did not know why he had stopped but stated that he wants
> to be more active but cannot get organized.   Mr. Brewer stated that he socializes
> with a friend or his brother.

(R. 268).   The next page, however, begins with the following paragraph:

> hair.   He wore a moustache and eyeglasses.   He was in no apparent distress but he
> sighed frequently and his affect appeared blunted.   His behavior was socially
> appropriate and cooperative and there were no gross disturbances of gait noted.
> Both expressive and receptive speech were demonstrated and he was able to

> follow both verbal and written directions.  There was no evidence of psychotic thought, such as loose associations, tangentiality, or obvious cognitive distortions. His intellect is estimated to be within the average range of functioning.

(R. 269).

Brewer states that although only four pages of Dr. Fritz's Evaluation were faxed to the state Disability Determination Division ("DDS"), there should have been five.   He contends that the full report is imperative as the ALJ relied on Dr. Fritz's report in finding that Brewer's "residual functional capacity assessment is supported by the State agency assessments and the *consultative examinations.*  These reports are consistent with each other and also the residual function(sic) capacity by the undersigned."  *Motion*, pp. 2-3.

Brewer represents that he also does not have a copy of the missing page.  The CD he received on December 22, 2008 upon request of an administrative hearing contained exhibits only through 11F.  So, at the hearing on February 5, 2009, he pointed out to the ALJ that the "psychological CE [consultative examination] done 8/29/07 . . . is not in the file," though a Psychiatric Review Technique form, Exhibit 8F, referred to it.  (R. 22).  The ALJ replied "I'm going to go ahead and admit the exhibit [Exhibit 8F], but I will send notice out to DDS and ask for a copy of the  psychological consultative examination" dated 8/29/07.  *Id.*  Dr. Fritz sent a copy by fax to DDS on September 6, 2007 which was eventually marked into the record as Exhibit 13F.  As noted above, Exhibit 13F is comprised only of four pages, two of which are of Dr. Fritz's report.  (R. 266-69).

The Commissioner argues that "there is no record missing from the Commissioner's certified transcript." *Response*, p.2 (Dkt. #16). He concludes that the word "'hair' is obviously a stray word." *Id.*  In support, he points to the fax heading for Dr. Fritz's evaluation indicating

three pages plus the cover page, for a total of four pages - all of which are contained in Exhibit 13F.  He also cites the numeral "2" on page four of the fax as indicating that page 269 of the administrative transcript is the second page of a two-page report beginning on page 268; thus, there is no missing page.

Even if there is an omission, the Commissioner objects that remand is not appropriate either under Sentence Four or Sentence Six of 42 U.S.C. §405(g).  The Commissioner argues that this Court's jurisdiction under Sentence Four is limited to affirming, modifying, or reversing based upon the pleadings and the transcript.  And even if Brewer had sought remand for further administrative action under Sentence Six, Brewer has not established that there is new, material evidence that has come to light or there is good cause for not having presented this evidence at the earlier administrative proceeding.  He notes that the Commissioner's answer and the administrative transcript were filed on November 21, 2011 and Brewer's opening brief was due on January 26, 2012.  Instead of filing his opening brief, Brewer filed the instant motion to remand on that date. The Commissioner contends that the Court should therefore consider Brewer's motion as his brief and affirm the Commissioner's final decision.  He finally argues that there is no due process violation as Brewer requested Dr. Fritz's report, had access to the record through e-View, and even made additions to the electronic record after the ALJ admitted Dr. Fritz's report; nor has Brewer alleged any harm.

Brewer replies that the Commissioner has breached his statutory duty to file "a full and accurate" copy of the administrative transcript and this Court has the statutory power to reverse and remand for further administrative action.  Given that it is the agency's stamp, not Dr. Fritz's, showing "Exhibit No. 13F page 4 of 4" (as Dr. Fritz would not know the number of the record

exhibit), such substantiates that the missing page was never sent to DDS and so reversal and remand are the only remedies available to Brewer.  Brewer has a right to have access to the evidence used to deny his claim and since Dr. Fritz's full report was never proffered to his attorney, his right to due process has been denied.  Contrary to the Commissioner's argument, counsel had no notice that the report had been located and included in the exhibit file; nor would additional evidence counsel submitted post-hearing alert him that other medical evidence had been submitted by the ALJ.  Brewer did not know of the omission until he received the administrative transcript in this case and he was thus deprived of the opportunity to challenge the report and/or request a supplemental hearing, as well as advise the ALJ that Dr. Fritz's report was missing a page.

First, the Court addresses the issue of remand under 42 U.S.C. §405(g).  There are  three circumstances allowing remand from the district court in a social security case.  *Nguyen v. Shalala*, 43 F.3d 1400, 1403 (10th Cir. 1994)(*citing Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991)).   They are laid out in 42 U.S.C. § 405(g) and are referred to as "sentence four" and "sentence six" remands, to indicate which sentence of section 405(g) authorizes them.  *Nguyen*, 43 F.3d at 1403.   A Sentence Four remand, sought here, is on the merits and accompanies a judgment. Sentence Four states that the district court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing."  42 U.S.C. §405(g). Sentence Six authorizes remand without ruling on the merits in two instances: (1) if the Commissioner requests remand for good cause before filing his answer or (2) if new, material evidence comes to light and there is good cause for failing to incorporate the evidence in the earlier proceeding.

4

42 U.S.C. § 405(g); *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993)("Sentence-six remands may be ordered in only two situations: where the [Commissioner] requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency."); *Melkonyan*, 501 U.S. at 99-100.

While Sentence Four provides for a post-judgment remand, Sentence Six provides for a pre-judgment remand. When a social security proceeding is remanded pursuant to Sentence Six, a final judgment is not entered at the time of the remand. *McGraw v. Barnhart*, 450 F.3d 493, 496 n.1 (10th Cir. 2006).   Instead, the case should be administratively closed, with final judgment entered when the remand proceedings are completed and the matter returns to the court. *McGraw,* 450 F.3d at 496.  It is also appropriate to order the Commissioner to file a status report within 120 days. *Id.*

The Court rejects out of hand the Commissioner's argument that there is no omission in the record.  Clearly, Dr. Fritz's evaluation is incomplete.  While the paragraph on Patient Capabilities regarding Brewer's activities is complete ending the final sentence with a period in the middle of the line, the next page begins with "hair" and a separate discussion on Dr. Fritz's observations of the patient's appearance and affect.  Whether Dr. Fritz inadvertently altered the report deleting a heading and a few words in word processing or an entire page is missing from the faxed materials, the report is undoubtedly incomplete.

The Court agrees with Brewer that in reviewing a decision of the Commissioner, the Court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007); *Goatcher v. U. S. Dep't of Health and Human Servs.*, 52 F.3d 288, 289 (10th Cir. 1995)("[T]he

5

complete administrative record is required whether appellant argues that the findings are not supported by substantial evidence or that incorrect legal standards were applied.").  And although there is no *per se* due process violation simply because the record is incomplete, the court does have authority to remand a case for further consideration if it cannot exercise meaningful or informed judicial review from the incomplete record. *Edwards v. Astrue*, 2010 WL 2787847,  *4 (D. Kan. June 30, 2010).  Remand, however, is not required due to a ministerial correction. *Wilson v. Sullivan*, 1991 WL 35284, *2 (10th Cir. Feb. 28,1991).  Nor is remand warranted if the missing information is immaterial to or not relied upon in the ALJ's decision. *Hill v. Astrue*, 526 F.Supp.2d 1223, 1229 (D.Kan. 2007).  "The touchstone is whether the administrative record that does exist permits meaningful judicial review." *Brady v. Apfel*, 41 F.Supp.2d 659, 668 (E.D.Tex. 1999)(*citing Harrison v. PPG Industries, Inc.*, 446 U.S. 578, 594 (1980)).

However, the Court agrees with the Commissioner that remand under Sentence Four is not appropriate here.  The parties have not fully briefed the issues on appeal and the Court is unable to make a substantive ruling affirming, modifying or reversing the Commissioner's decision based on the briefing before it.  Neither does the Court have before it any evidentiary support establishing that the omission precludes meaningful judicial review. The only basis Brewer gives for remand is that something is missing from Dr. Fritz's evaluation. As noted above, it could be a few words; it could be a full page.  And Brewer has offered no context in the administrative record by which the Court can even determine whether there can be meaningful judicial review with or without the omission.  Such is insufficient for the Court to make a substantive ruling on the merits.  *See Frost v. Barnhart*, 2004 WL 2058264, *7 (D.Kan. Sept. 9,

2004). And while courts have remanded cases for lack of meaningful review where the ALJ's findings were derived from information not included in the record before the Court, s*ee Hill*, 526 F.Supp.2d at 1229 and *Burton v. Barnhart*, 2006 WL 4045937, *5 (D.Kan.2006), here the Court is reviewing exactly the same information the ALJ considered.

Neither has Brewer established a due process violation; he simply pronounces there to be one.  Brewer argues that he is entitled to a Sentence Four remand because the missing page was never faxed to the DDS and consulting examiners do not keep copies of their reports; therefore, the Commissioner will be unable to locate the missing page.  This, of course, is total speculation.

Although Brewer does not argue this, the only type of remand possibly available to Brewer at this juncture would be under Sentence Six.[1]  And because the Commissioner has answered and Brewer is the movant, remand is appropriate only if (1) new, material evidence comes to light and (2) there is good cause for failing to incorporate that evidence into the record. *Wilson v. Astrue*, 602 F.3d 1136, 1148 (10th Cir. 2010).  Evidence is "material" if the Commissioner's "'decision might reasonably have been different had the new evidence been before him when his decision was rendered.'" *Id*. (*quoting Cagle v. Califano*, 638 F.2d 219, 221 (10th Cir. 1981)).  And, although the movant must show "good cause" for not bring the omitted evidence before the ALJ, the "'good cause' standard embodied in Section 405(g) . . . does not necessitate such a 'technical and cogent showing of good cause' as would otherwise be required to justify the court's vacation of a judgment or the granting of a new trial." *Gooden v. Barnhart*, 191 F.Supp.2d 150, 152-53 (D.D.C. 2002).

---

[1]It is also not lost on the Court that EAJA fees may be awarded under Sentence Four remand, but not under a Sentence Six remand, or that filing a Motion to Remand rather than a brief on the merits supporting reversal and remand for additional evidence is far less time-intensive for counsel.  There are in fact two such motions by counsel currently pending before this Court.

Even if Brewer sought remand under Sentence Six, he has not established that the omission is "material." This is not a case where the ALJ's findings were derived from information in the administrative proceedings but not included in the administrative record before the Court. As Brewer concedes, the missing information was never sent to DDS; consequently, the ALJ did not rely on it. And the ALJ's only implied reference to Dr. Fritz's evaluation states that it is consistent with the agency assessments and other consultative examination(s). As for "good cause," Brewer contends he never received Exhibit 13F until he reviewed the Administrative Transcript on appeal to this Court[2] and thus could not bring it before the ALJ or the Appeals Council. The Court does not deny that Brewer was entitled to the additional evidence submitted to the DDS post-hearing, but it is puzzling why he did not review the entire record, particularly Exhibit 13F which he personally requested, before the appeal to the Appeals Council.

In sum, Brewer has failed to establish that remand under Sentence Four is appropriate here. The Court accordingly **DENIES** the motion. Nonetheless, the Court rejects the Commissioner's request that the Court affirm the Commissioner's final decision because Brewer filed a motion to remand rather than an opening brief as too harsh a sanction for this *first* misuse of Sentence Four remand. The Court, therefore, will allow the parties to file briefs on the merits.[3] As Brewer has had ample time to review the record and a decision in this case has

[2] While "good cause" is judged at the time of the administrative proceeding, the Court questions why Brewer waited until the date for filing his opening brief in this Court to complain of the omission when the transcript had been on file for sixty-three days. The Court realizes that counsel's social security caseload is heavy, but the delay created here is not efficient or fair to the claimant.

[3] Nothing in this Opinion precludes a substantive argument for reversal and remand due to the omission in Dr. Fritz's evaluation should Brewer have the administrative record and legal support to sustain a good faith argument.

8

already been significantly delayed, Plaintiff's Opening Brief is due on or before Friday, March 29, 2012.  The Commissioner's response will be due sixty-three days after the filing and any reply will be due fourteen days after the filing of the Commissioner's response.

IT IS SO ORDERED, this 15th day of May, 2012.

Paul J. Cleary
United States Magistrate Judge